**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

| | | |
|---|---|---|
| **BROWNFIELD MOTELS, INC.,**<br>**Plaintiff** | §<br>§<br>§ | |
| **v.** | § | **CIVIL ACTION NO. ________** |
| **PEERLESS INDEMNITY INSURANCE COMPANY, INSURANCE ONE, INC. AND CHRISTOPHER KOESTER,**<br>**Defendants** | §<br>§<br>§<br>§<br>§ | |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1332 and 1441(a) (DIVERSITY)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Peerless Indemnity Insurance Company ("Peerless") hereby petitions this Court pursuant to 28 U.S.C. §§ 1332 and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Northern District of Texas, Lubbock Division, of the action styled *Brownfield Motels, Inc. v. Peerless Indemnity Insurance Company, Insurance One, Inc. and Christopher Koester;* Cause No. 18701, currently pending in the 121st Judicial District, Terry County, Texas (the "State Court case") and in support thereof would respectfully show this Court as follows:

## I.
## FACTS

1. Plaintiff Brownfield Motels, Inc. ("Brownfield") filed suit in the State Court Case on March 19, 2010, as the result of a fire occurring at its restaurant, for alleged delay or denial of a commercial insurance property claim. Brownfield alleges that Defendant Peerless breached the commercial property insurance policy it issued by

"failing to properly adjust the claim, and by failing to pay damages to the Plaintiff which are covered under the terms of the policy." Brownfield alleges that Peerless breached the duty of good faith and fair dealing and violated provisions of the Texas Insurance Code in connection with its handling of the claim. Brownfield seeks to recover its actual damages, including lost income and policy proceeds, but also statutory damages with interest, exemplary damages, pre-judgment and post-judgment interest, costs, up to three times actual damages and attorney's fees. Defendant Peerless denies that Brownfield is entitled to recover these benefits or damages.

2. Defendant Peerless was served with Plaintiff's Original Petition and Citation on March 22, 2010. Peerless filed its Original Answer and Verified Denial on April 9, 2010. Defendant Insurance One, Inc. ("Insurance One") has not been served. Defendant Christopher Koester ("Koester") has not been served. A true and correct copy of all pleadings, process, orders, and correspondence served in this action is attached hereto as Exhibit "A" and incorporated herein by reference.

3. In accordance with standard Texas practice, Plaintiff's Original Petition (the "Petition") fails to state the total amount of damages sought in this action. However, Plaintiff alleges that the fire caused "extensive damage" to the restaurant, rendering it inoperable. In addition to repair costs, Brownfield seeks loss of rental income as a result of the closure. The insurance policy at issue contains limits of $1,500,000 for the premises, $150,000 for business personal property, and loss of business income in the actual amount sustained. Plaintiff has specified one amount of damages, seeking to recover $100,000 in attorney's fees for the trial of this matter. Petition at XIII. Based on

the foregoing, Peerless believes Brownfield seeks damages well in excess of $75,000.00 exclusive of interest and costs from Peerless.

5. Complete diversity exists between the Plaintiff and Defendants now and so existed on the date of filing of the State Court case. Peerless is an insurance company incorporated in the State of Illinois with its principal place of business in Warrenville, Illinois. Peerless is a citizen of the State of Illinois and not the State of Texas. Insurance One, Inc. is a corporation incorporated in the State of New Mexico with its principal place of business in Albuquerque, New Mexico. Insurance One is a citizen of the State of New Mexico and not the State of Texas. Christopher Koester is an individual residing in New Mexico. Koester is a citizen of the State of New Mexico and not the State of Texas.

6. Plaintiff has made a jury demand in the State Court case.

7. This action is a civil action which may be removed to this Court by Defendant Peerless pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and none of the Defendants are citizens of the State of Texas.

## III.
## PROCEDURAL REQUIREMENTS

8. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

9. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the 121st Judicial District Court of Terry County, Texas promptly after the filing of this Notice.

10. Attached hereto and incorporated herein, are the following items:

Exhibit A: A true and correct copy of all pleadings, process, and orders served in this action.

Exhibit B: State Court docket sheet.

Exhibit C: List of all counsel of record.

Exhibit D: Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Peerless Indemnity Insurance Company requests that this action be removed from the 121st Judicial District Court of Terry County, Texas to the United States District Court for the Northern District of Texas, Lubbock Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 E. Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By: /s/ Catherine L. Hanna
Catherine L. Hanna
State Bar No. 08918280
Southern District ID: 13577
Attorney-in-Charge
Eric S. Peabody
State Bar No. 00789539
**ATTORNEYS FOR DEFENDANT PEERLESS INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedures, I hereby certify that a true and correct copy of the foregoing document was served April 16, 2010, by facsimile as follows:

***Via Facsimile 806.637.3877***
Bradford L. Moore
PO Box 352
Brownfield, Texas 79316
Attorney for Plaintiff

/s/ Catherine L. Hanna
Catherine L. Hanna

# EXHIBIT "A"

NO. 18701

| | | |
|---|---|---|
| BROWNFIELD MOTELS, INC. | § | IN THE 121ST JUDICIAL DISTRICT |
| VS. | § | |
| | § | COURT IN AND FOR |
| PEERLESS INDEMNITY INSURANCE COMPANY, INSURANCE ONE, INC. AND CHRISTOPHER KOESTER | § | |
| | § | TERRY COUNTY, TEXAS |

FILED FOR RECORD
2010 MAR 19 PM 4:33
PAIGE LINDSEY
TERRY COUNTY DISTRICT CLERK
BY

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes BROWNFIELD MOTELS, INC., hereinafter referred to as "Plaintiff," complaining of and against PEERLESS INDEMNITY INSURANCE COMPANY, hereinafter referred to as Defendant "Peerless," and INSURANCE ONE, INC., hereinafter referred to as Defendant "Insurance One," and CHRISTOPHER KOESTER, hereinafter referred to as Defendant "Koester," and for a cause of action would respectfully show the Court the following:

I.

This suit is intended to be controlled by Discovery Level 2, Rule 190.3 of the Texas Rules of Civil Procedure.

II.

The Plaintiff is a Texas corporation, which has its principal place of business in Brownfield, Terry County, Texas.

III.

The Defendant, Peerless Indemnity Insurance Company, is a foreign corporation authorized to do business in the State of Texas and may be served by Certified Mail, Return Receipt Requested through its authorized agent for service of process, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. Peerless is

deemed, pursuant to 28 U.S.C. § 1332(c)(1), to be a citizen of the State of Texas.

IV.

The Defendant, Insurance One, Inc., is a foreign corporation authorized to do business in the State of Texas, which may be served by Certified Mail, Return Receipt Requested, by serving its Registered Agent, Chuck Roberts, 2908 Grant, El Paso, Texas 79930.

V.

The Defendant, Christopher Koester, is an individual who is licensed by the Texas Department of Insurance as a general lines agent in the State of Texas. Mr. Koester may be served by Certified Mail, Return Receipt Requested, at P.O. Box 91660, Albuquerque, New Mexico 87119.

VI.

Venue of this matter is in Terry County, Texas, as it alleges damages sustained to the Plaintiff's real property, all of which is located in Terry County, Texas, and it involves allegations of contractual breach of an insurance policy written upon real property located in Terry County, Texas.

VII.

The Plaintiff would show that it is in the motel business and owns and operates what is commonly referred to as the Crystal Palace Inn located at 1303 Tahoka Road, Brownfield, Texas.

VIII.

The Defendant Peerless is an insurance company, which is licensed to write insurance in the State of Texas through the Texas Department of Insurance.

The Defendant, Insurance One, is an insurance agency which has and maintains places of business in the State of Texas, and at all times pertinent hereto, acted as an agent for the Plaintiff.

The Defendant Koester is an individual who is licensed as a general lines agent by the Texas Department of Insurance, and at all times pertinent hereto, acted as an agent for the Plaintiff.

IX.

For the last several years prior to the instance made the basis of this litigation, the Plaintiff had used the Defendants, Insurance One and Koester, to procure for it commercial insurance upon the motel premise located in Brownfield, Terry County, Texas. The insurance to be procured for it included fire coverage for the entire motel premise, including guest rooms, offices and restaurant. The Defendants, Insurance One and Koester, were aware of the Plaintiff's operation and the needs of the Plaintiff regarding its operations.

On or about July 25, 2009, the Plaintiff suffered a fire upon its motel premise. The fire caused extensive damage to the restaurant, which said damage rendered the restaurant inoperable. In a timely manner, the Plaintiff notified the Defendants, Insurance One and Koester, of the claim, and Defendants, Insurance One and Koester, in turn timely notified Defendant Peerless.

X.

The Defendant Peerless had prior to the fire, on June 14, 2009, issued its Insurance Policy No. CBP 8467419 to the Plaintiff herein. To the date of initiating this litigation, no payment has been made by Defendant Peerless regarding the Plaintiff's fire damage claim.

XI.

The Plaintiff would show this Court that it had a binding contract with Defendant Peerless, that Peerless has breached its contract with the Plaintiff by failing to properly adjust the claim, and by failing to pay damages to the Plaintiff which are covered under the terms of the policy. The breach of contract by Defendant Peerless has caused damages to the Plaintiff in excess of the minimum jurisdictional requirements of this Court, for which Plaintiff sues.

XII.

The Plaintiff would further show the Court that all necessary prerequisites to the bringing of this action, including notification to Defendant Peerless, have been performed.

XIII.

The Plaintiff would further show this Court that as a result of Defendant Peerless' breach, the Plaintiff has had to employ the undersigned attorney to pursue this action for breach of contract against Peerless. The Plaintiff would show that a reasonable fee for the trial of this case is $100,000.00; that in the event of the granting of an appeal to the Court of Appeals, an additional sum of $25,000.00; and in the event of the granting of a writ to the Supreme Court, an additional $15,000.00, all for which Plaintiff sues.

XIV.

The Plaintiff would further show this Court that as a result of Defendant Peerless' breach of contract, the Plaintiff has suffered extra contractual damages for the loss of use of the restaurant, including rental income therefrom, the amount of the loss of the rental income is in excess of the minimum jurisdictional requirements of this Court, for which Plaintiff sues.

XV.

The Plaintiff alleges that Defendant Peerless has violated § 541.051 of the Texas Insurance Code and has thereby engaged in an unfair or deceptive act or practice by making statements misrepresenting the coverage terms of the policy in that it was represented to the Plaintiff that it had complete and full coverage for fire damage to its entire motel premise. The Defendant Peerless has informed the Plaintiff that only one building was covered out of the multiple buildings (approximately 66,230 square feet) which comprise the Plaintiff's motel, yet Defendant Peerless states the value of the one building was $1,500,000.00. (Plaintiff's entire motel property is worth $1,500,000.00.) This unfair or deceptive act or practice on the part of the Defendant Peerless has caused damage to the Plaintiff in an amount in excess of the minimum jurisdictional requirements of this Court, for which Plaintiff sues.

XVI.

The Plaintiff further alleges that Defendant Peerless has engaged in unfair settlement practices in violation of § 541.060 of the Texas Insurance Code. Specifically, the Defendant Peerless has misrepresented

to the Plaintiff a material fact or policy provision relating to coverage at issue, claiming that although the fire insurance policy underwritten by Defendant Peerless purports to have a face value of $1,500,000.00, which is the value of the Plaintiff's entire motel complex, that only one building is covered. Further, Defendant Peerless has failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the Plaintiff's claim as Defendant Peerless' liability is reasonably clear. Defendant Peerless further failed to promptly provide to the Plaintiff reasonable explanation of the basis in the policy for Defendant Peerless' denial of claim and failed to do so within a reasonable time and has refused to pay the Plaintiff's claim without conducting a reasonable investigation thereof.

XVII.

The violations by Defendant Peerless of the above quoted sections of the Texas Insurance Code have caused damages to the Plaintiff in excess of the minimum jurisdictional requirement of this Court, for which Plaintiff sues.

XVIII.

For further cause of action, the Plaintiff alleges that the Defendant violated § 17.41 of the Texas Business and Commerce Code, commonly referred to as the Deceptive Trade Practices Act. Specifically, Defendant Peerless represented to the Plaintiff that the services being provided by Defendant Peerless through its insurance policy conferred and involved rights, remedies or obligations which it, in fact, did not have according to Defendant Peerless' response to the fire claim. Further, Defendant Peerless engaged in deceptive acts by

failing to disclose to the Plaintiff that it was insuring only one building, as opposed to one location being the entire motel complex, and then collecting a premium as if it was insuring the entire motel premise, and such failure to disclose was intended to induce the Plaintiff to accept the Defendant Peerless' insurance. All of the Defendant Peerless' deceptive acts caused damage to the Plaintiff, including costs and attorney's fees, and all other damages allowed by the Deceptive Trade Practices Act, in excess of the minimum jurisdictional limits of this Court, for which Plaintiff sues.

XIX.

In the alternative and without waiving the foregoing, the Plaintiff would show that at the time the Defendant Peerless wrote its Insurance Policy No. CBP 8467419 regarding the Plaintiff's motel premise, that it was the Plaintiff's intent to have his entire motel premise covered by Defendant Peerless' insurance policy. Defendant Peerless collected full premium on the gross value of Plaintiff's entire motel premise, and the fact that Defendant Peerless has reflected only one building as opposed to only one property as being covered, is a mistake made in the preparation of Defendant Peerless' insurance policy by Defendant Peerless. The Plaintiff would show that this was a unilateral mistake made on the part of Defendant Peerless, that the mistake was accompanied by Defendant Peerless' fraud, and was made after the original agreement was made by the Plaintiff with Defendant Peerless to insure the entire motel premise. The Plaintiff requests that the Court reform Defendant Peerless' Insurance Policy No. CBP 8467419 from one building to one property so that all buildings owned by the Plaintiff, and which

comprise a portion of the motel property, including the restaurant, were covered by the insurance policy. The Plaintiff would show that it has clean hands regarding this matter, and it considers all of the motel premise as in effect one "building, property or complex." Further, the Court should award exemplary damages against this Defendant because of its fraud in an amount sufficient to deter others similarly situated.

XX.

In the alternative, and without waiving the foregoing, the Plaintiff would show the Court that the insurance policy written by Defendant Peerless is ambiguous in that it reflects coverage for one building, with a fair market value of $1,500,000.00 and does not specify which building is covered. The Plaintiff would request the Court to interpret the insurance contract pursuant to the Declaratory Judgment Act, finding the same to be ambiguous, and ultimately finding that Defendant Peerless' one building which is covered was, in fact, the restaurant. The Plaintiff would show that the Texas Declaratory Judgment Act allows it to recover its costs and attorney's fees, for which it hereby sues.

XXI.

In the alternative, and without waiving the foregoing, the Plaintiff would show that there was an insurance agreement between it and the Defendant Peerless which created a duty of good faith and fair dealing on the part of Defendant Peerless. Defendant Peerless breached its duty to the Plaintiff when it denied payment when liability was clear. Defendant Peerless' breach proximately caused Plaintiff's damages. As a result of Defendant Peerless' bad faith, the Plaintiff

has suffered mental anguish damages in an amount in excess of the minimum jurisdictional requirements of this Court and damages for policy benefits which are in excess of the minimum jurisdictional requirements of this Court, for which Plaintiff sues.

XXII.

The Plaintiff would further show that because of Defendant Peerless' bad faith and the above stated violations of Texas Insurance Code § 541 et seq., the Plaintiff should recover its actual damages, including lost income and policy proceeds, and that the damages should be up to three times of actual damages, in a total amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff sues.

XXIII.

The Plaintiff would show that Defendants, Insurance One and Koester, were acting at all times pertinent to the underwriting of Defendant Peerless' insurance policy, as agents for the Plaintiff. Specifically, the Plaintiff employed Defendants, Insurance One and Koester, to procure for it insurance coverage, including fire coverage, on the entire motel premise. Defendants, Insurance One and Koester, had for several years represented the Plaintiff in procuring insurance coverage, they knew or should have known the Plaintiff's insurance needs and his requirements, and either knew or should have known of the motel premise.

XXIV.

Acting within the scope of their agency relationship with the Plaintiff, Defendants, Insurance One and Koester, procured for the

Plaintiff Defendant Peerless's insurance Policy No. CBP 8467419. The Plaintiff, upon information and belief, alleges that Defendants, Insurance One and Koester, signed insurance applications for it to be submitted to various insurance providers, received quotes therefor, forwarded those quotes to the Plaintiff, and then procured for the Plaintiff what the Plaintiff thought was insurance coverage on the entire motel premise. The Plaintiff would show that Defendants, Insurance One and Koester, were negligent in the manner in which they procured the Plaintiff's insurance coverage, in that they allegedly, according to Defendant Peerless, failed to procure insurance on the Plaintiff's entire motel property except for one building, that one building being unknown to the Plaintiff. The Plaintiff would show this Court that Defendants, Insurance One and Koester, owed a duty of reasonable care and to act in a professional manner in their dealings with the Plaintiff; that Defendants, Insurance One and Koester, breached these duties owed to the Plaintiff and as a result of the breaches, caused damages to the Plaintiff in excess of the minimum jurisdictional requirements of this Court, for which Plaintiff sues.

XXV.

In the alternative, and without waiving the foregoing, Defendant Koester was and is an agent of Defendant Insurance One. Both of these Defendants have violated the Texas Deceptive Trade Practices Act by misrepresenting to the Plaintiff the insurance coverage which they had procured for it on the motel premise. Specifically, these Defendants represented to the Plaintiff that it had full and complete coverage to the extent of $1,500,000.00 for the entire motel premise when, in fact,

according to Defendant Peerless, no such coverage existed but for coverage on only one, out of multiple buildings, which comprise the Plaintiff's motel premises. The actions of Defendants, Insurance One and Koester, have caused damage to the Plaintiff, including all damages allowed by the Texas Deceptive Trade Practices Act, in excess of the minimum jurisdictional limits of this Court, for which Plaintiff sues.

XXVI.

In the alternative, and without waiving the foregoing, the Plaintiff alleges that Defendant Insurance One and Defendant Koester have violated § 541 et seq. of the Texas Insurance Code. The Plaintiff would show that it is a person as defined by the Texas Insurance Code, that Defendants, Insurance One and Koester, are persons as defined, and they have engaged in a prohibited act or practice. Specifically, these Defendants made an untrue statement of material fact concerning the Plaintiff's insurance policy, left out a material fact, or failed to disclose a matter which by law should have been disclosed, that being that the Plaintiff's entire motel premise was not being covered, but that, in fact, only one building was insured. As a result of these Defendants' violations and their bad faith, the Plaintiff should recover its actual damages, including lost income and policy proceeds, and that the damages should be up to three times the amount of the actual damages, in a total amount in excess of the minimum jurisdictional limits of this Court, for which the Plaintiff sues.

XVII.

In the alternative, and without waiving the foregoing, the Plaintiff would state that Defendant Insurance One and Defendant Koester

committed fraud. Specifically, the Plaintiff would show that there was a special relationship between it and these Defendants, which required these Defendants to properly disclose the scope of the Plaintiff's coverage, that these Defendants failed to disclose that scope, although it was known to them, and that these Defendants earlier knew that their representations to the Plaintiff were false. The Plaintiff would show that the information which was not disclosed was material, and as a result of the non-disclosure, the Plaintiff has suffered damages.

Additionally, the Court should award to the Plaintiff exemplary damages against these Defendants in an amount sufficient to deter others similarly situated from like conduct. The Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court, for which the Plaintiff sues.

XVIII.

The Plaintiff would further show this Court that many of the actions of Defendants, Insurance One and Koester, were joint actions, and as a result, any damages awarded against either Defendant Insurance One or Defendant Koester, should be joint and several.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests that these Defendants be cited to answer and appear herein, that upon final trial, the Plaintiff have and recover of and from the Defendants, jointly and severally, its damages as set forth hereinabove, including but not limited to actual damages, prejudgment interest, post judgment interest, attorney's fees as allowed by law, exemplary damages, trebling damages,

and such other and further relief to which the Plaintiff may show itself justly entitled, whether at law or in equity.

Respectfully submitted,

BRADFORD L. MOORE
Attorney at Law
P. O. Box 352
Brownfield, Texas 79316
806/637-6466 FAX 806/637-3877

BY: ______________________
Bradford L. Moore 14322700

BROWNFIELD MOTELS, INC
Vs
PEERLESS INDEMNITY INSURANCE COMPANY ; INSURANCE ONE INC AND CHRISTOPHER KOESTER

DISTRICT COURT

TERRY COUNTY, TEXAS

DOCKET NO. : 18701

# CITATION BY MAILING

TO: INSURANCE ONE, INC.
BY SERVING REGISTERED AGENT
CHUCK ROBERTS
2908 GRANT
EL PASO, TEXAS 79930

YOU ARE HEREBY COMMANDED to appear before the 121st Judicial Court of the City of Brownfield, Terry County of Terry, Texas by filing a written answer to the Petition of Plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies the Citation, in Cause Number 18701, styled BROWNFIELD MOTELS, INC, Plaintiff, vs. PEERLESS INDEMNITY INSURANCE COMPANY ; INSURANCE ONE INC AND CHRISTOPHER KOESTER, Defendants, filed in said court on the March 19, 2010. Plaintiff is represented by, Bradford L. Moore, whose address is PO Box 352, Brownfield, Texas 79316.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at office, this 19th day of March, 2010.

(SEAL)

Paige Lindsey, Clerk of Terry County, Texas
500 W. Main, Room 209E
Brownfield, Texas 79316

By [signature] Deputy

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

## OFFICER'S RETURN BY MAILING

Came to hand the ______________ day of ________________, ________, and executed by mailing to the Defendant certified mail, return receipt requested with restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiff's Petition to the following address:

Defendant ____________________ Address ____________________

Service upon the Defendants is evidenced by the return receipt incorporated herein and attached hereto, signed by __________________________ and dated____________________. *Citation was not served despite the following use of diligence to execute service by the officer or person authorized to execute this citation: ________________________________________________________________________.

Citation was not executed because ____________________________. Defendant may be found at: ______________________________________. To certify which witness my hand officially?

________________________________________ County, Texas

Signature of person serving citation

By:____________________________________ Deputy

Fee for Serving Citation $________________

**CERTIFIED MAIL**

PAIGE LINDSEY
TERRY COUNTY DISTRICT CLERK
ROOM 209E
500 W MAIN ST
BROWNFIELD, TX 79316-4335

7115 0608 4530 0095 7434

UNITED STATES POSTAGE
PITNEY BOWES
02 1R
0002097358
$ 01.76⁰
MAR 19 2010
MAILED FROM ZIP CODE 79316

**Return Receipt (Electronic)**

CORPORATION SERVICE CO
PEERLESS INDEMNITY INSURANCE CO
SUITE 620
211 E 7TH ST
AUSTIN, TX 78701-3334

BROWNFIELD MOTELS, INC
Vs
PEERLESS INDEMNITY INSURANCE COMPANY ; INSURANCE ONE INC AND CHRISTOPHER KOESTER

DISTRICT COURT

TERRY COUNTY, TEXAS

DOCKET NO. : 18701

# CITATION BY MAILING

TO: PEERLESS INDEMNITY INSURANCE COMPANY
BY SERVING AUTHORIZED AGENT FOR
CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701-3218

YOU ARE HEREBY COMMANDED to appear before the 121st Judicial Court of the City of Brownfield, Terry County of Terry, Texas by filing a written answer to the Petition of Plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies the Citation, in Cause Number 18701, styled BROWNFIELD MOTELS, INC, Plaintiff, vs. PEERLESS INDEMNITY INSURANCE COMPANY ; INSURANCE ONE INC AND CHRISTOPHER KOESTER, Defendants, filed in said court on the March 19, 2010. Plaintiff is represented by, Bradford L. Moore, whose address is PO Box 352, Brownfield, Texas 79316.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at office, this 19th day of March, 2010.

(SEAL)

Paige Lindsey, Clerk of Terry County, Texas
500 W. Main, Room 209E
Brownfield, Texas 79316

By [signature]
Deputy

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

## OFFICER'S RETURN BY MAILING

Came to hand the 19th day of March, 2010 and executed by mailing to the Defendant certified mail, return receipt requested with restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiff's Petition to the following address:

Defendant 211 E. 7th St. Ste 620 Austin TX 78701-3218
Address

Service upon the Defendants is evidenced by the return receipt incorporated herein and attached hereto, signed by [signature] and dated March 22, 2010. *Citation was not served despite the following use of diligence to execute service by the officer or person authorized to execute this citation:

Citation was not executed because ______, Defendant may be found at: ______. To certify which witness my hand officially?

______ County, Texas

Signature of person serving citation
By: [signature] Deputy
Fee for Serving Citation $______

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

CHS / ALL
**Transmittal Number: 7501181**
**Date Processed: 03/23/2010**

**Primary Contact:** Litigation Manager
America First Insurance Company
1600 N. Collins Blvd.
Suite 3000
Richardson, TX 75080

| | |
|---|---|
| **Entity:** | Peerless Indemnity Insurance Company<br>Entity ID Number 2538477 |
| **Entity Served:** | Peerless Indemnity Insurance Co |
| **Title of Action:** | Brownfield Motels, Inc. vs. Peerless Indemnity Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court:** | Terry County District Court, Texas |
| **Case Number:** | 18701 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/22/2010 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Bradford L. Mooe<br>806-637-6466 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

**BROWNFIELD MOTELS, INC**
**Vs**
**PEERLESS INDEMNITY INSURANCE COMPANY ; INSURANCE ONE INC AND CHRISTOPHER KOESTER**

**DISTRICT COURT**

**TERRY COUNTY, TEXAS**

**DOCKET NO. : 18701**

## CITATION BY MAILING

**TO: INSURANCE ONE, INC.**
**BY SERVING REGISTERED AGENT**
**CHUCK ROBERTS**
**2908 GRANT**
**EL PASO, TEXAS 79930**

YOU ARE HEREBY COMMANDED to appear before the 121st Judicial Court of the City of Brownfield, Terry County of Terry, Texas by filing a written answer to the Petition of Plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies the Citation, in Cause Number 18701, styled BROWNFIELD MOTELS, INC, Plaintiff, vs. PEERLESS INDEMNITY INSURANCE COMPANY ; INSURANCE ONE INC AND CHRISTOPHER KOESTER, Defendants, filed in said court on the March 19, 2010. Plaintiff is represented by, Bradford L. Moore, whose address is PO Box 352, Brownfield, Texas 79316.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at office, this 19th day of March, 2010.

(SEAL)

Paige Lindsey, Clerk of Terry County, Texas
500 W. Main, Room 209E
Brownfield, Texas 79316

By __________ Deputy

**NOTICE**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

**OFFICER'S RETURN BY MAILING**

Came to hand the 19th day of March, 2010, and executed by mailing to the Defendant certified mail, return receipt requested with restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiff's Petition to the following address:

2908 Grant El Paso TX 79930

Defendant Address

Service upon the Defendants is evidenced by the return receipt incorporated herein and attached hereto, signed by __________ and dated __________. *Citation was not served despite the following use of diligence to execute service by the officer or person authorized to execute this citation: __________.

Citation was not executed because undeliverable @ this address. Defendant may be found at: __________. To certify which witness my hand officially?

Terry County, Texas

Signature of person serving citation

By __________ Deputy

Fee for Serving Citation $__________

PAIGE LINDSEY
TERRY COUNTY DISTRICT CLERK
ROOM 209E
500 W MAIN ST
BROWNFIELD, TX 79316-4335

7115 0608 4530 0095 7458

Return Receipt (Electronic)

Filed 3-26-10
at 5:36 o'clock P m
Paige Lindsey, District Clerk
Terry County, Texas
By [signature]

18701

CHUCK ROBERTS REGISTERED AGENT
INSURANCE ONE, INC
2908 GRANT AVE
EL PASO, TX 79930-2802

**Mail Piece Details** Print this page

**Recipient Address**

CHUCK ROBERTS REGISTERED AGENT
INSURANCE ONE, INC
2908 GRANT AVE
EL PASO, TX 79930-2802

***Record / Case Number:***
18701

**Mail Piece Information**

**Tracking Number:** 71150608453000957458
**Time Created:** 3/19/2010 5:37:00 PM
**Class / Service:** First Class Certified Mail w/ RR(E)
**Memo:** --
**Created By:** Passport Applications

**Return Address**

PAIGE LINDSEY
TERRY COUNTY DISTRICT CLERK
ROOM 209E
500 W MAIN ST
BROWNFIELD, TX 79316-4335

**Tracking History**

**Mailed:** Friday, March 19, 2010 at 5:37:00 PM
**Mailing Status:** MAILED and ACCEPTED at BROWNFIELD,TX 79316

**Event Time:** Friday, March 19, 2010 at 5:37:00 PM
**Event Status:** ELECTRONIC SHIPPING INFO RECEIVED

**Event Time:** Tuesday, March 23, 2010 at 3:57:00 PM
**Event Status:** UNDELIVERABLE AS ADDRESSED
**Scanned At:** EL PASO,TX 79930

CERTIFIED MAIL

PAIGE LINDSEY
TERRY COUNTY DISTRICT CLERK
ROOM 209E
500 W MAIN ST
BROWNFIELD, TX 79316-4335

7115 0608 4530 0095 7458

Return Receipt (Electronic)

UNITED STATES POSTAGE
PITNEY BOWES
$ 01.75⁰
02 1R
0002097358 MAR 19 2010
MAILED FROM ZIP CODE 79316

MAR

CHUCK ROBERTS REGISTERED AGENT
INSURANCE ONE, INC
2908 GRANT AVE
EL PASO, TX 79930-2802

ATTEMPTED NOT KNOWN

ANK

FILED FOR RECORD
2010 MAR 31 AM 11:
PAIGE LINDSEY
TERRY COUNTY DISTRICT CLERK
BY

BROWNFIELD MOTELS, INC
Vs
PEERLESS INDEMNITY INSURANCE COMPANY ; INSURANCE ONE INC AND CHRISTOPHER KOESTER

DISTRICT COURT

TERRY COUNTY, TEXAS

DOCKET NO. : 18701

# CITATION BY MAILING

TO: PEERLESS INDEMNITY INSURANCE COMPANY
BY SERVING AUTHORIZED AGENT FOR
CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN, TX 78701-3218

YOU ARE HEREBY COMMANDED to appear before the 121st Judicial Court of the City of Brownfield, Terry County of Terry, Texas by filing a written answer to the Petition of Plaintiff at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies the Citation, in Cause Number 18701, styled BROWNFIELD MOTELS, INC, Plaintiff, vs. PEERLESS INDEMNITY INSURANCE COMPANY ; INSURANCE ONE INC AND CHRISTOPHER KOESTER, Defendants, filed in said court on the March 19, 2010. Plaintiff is represented by, Bradford L. Moore, whose address is PO Box 352, Brownfield, Texas 79316.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said court at office, this 19th day of March, 2010.

(SEAL)

Paige Lindsey, Clerk of Terry County, Texas
500 W. Main, Room 209E
Brownfield, Texas 79316

By [signature]
Deputy

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

## OFFICER'S RETURN BY MAILING

Came to hand the 19th day of March, 2010, and executed by mailing to the Defendant certified mail, return receipt requested with restricted delivery a true and correct copy of this citation together with an attached copy of Plaintiff's Petition to the following address:

Defendant 211 E. 7th. St. Ste 620 Address Austin TX 78701-3218

Service upon the Defendants is evidenced by the return receipt incorporated herein and attached hereto, signed by [signature] and dated March 22, 2010. *Citation was not served despite the following use of diligence to execute service by the officer or person authorized to execute this citation:

Citation was not executed because ________. Defendant may be found at: ________. To certify which witness my hand officially? ________ County, Texas

Signature of person serving citation
By: [signature: Delia Flores] Deputy
Fee for Serving Citation $______

PAIGE LINDSEY
TERRY COUNTY DISTRICT CLERK
ROOM 209E
500 W MAIN ST
BROWNFIELD, TX 79316-4335

7115 0608 4530 0095 7434

Return Receipt (Electronic)

18701

CORPORATION SERVICE CO
PEERLESS INDEMNITY INSURANCE CO
SUITE 620
211 E 7TH ST
AUSTIN, TX 78701-3334

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

## Mail Piece Details

Print this page

### Recipient Address

CORPORATION SERVICE CO
PEERLESS INDEMNITY INSURANCE CO
SUITE 620
211 E 7TH ST
AUSTIN, TX 78701-3334

***Record / Case Number:***
18701

### Return Address

PAIGE LINDSEY
TERRY COUNTY DISTRICT CLERK
ROOM 209E
500 W MAIN ST
BROWNFIELD, TX 79316-4335

### Mail Piece Information

**Tracking Number:** 71150608453000957434
**Time Created:** 3/19/2010 5:29:00 PM
**Class / Service:** First Class Certified Mail w/ RR(E)
**Memo:** --
**Created By:** Passport Applications

### Signature Information

**Signature:** Available

View Signature

*Having issues viewing the signature file?*
*Make sure you are using the latest version of Adobe Acrobat Reader*

**How To Request Certified Signatures From The USPS®**
If you did not request an Electronic Return Receipt™ at the time of mailing you can purchase a copy of the signature at your local Post Office. If an Electronic Return Receipt™ was requested and paid for at the time of mailing, but has not been received back (or is received incomplete) after 21 days from the mailing date, you can request the signature at your local Post Office at no additional charge. In either case you must present your proof of mailing documentation at the time of request.

### Tracking History

**Mailed:** Friday, March 19, 2010 at 5:28:00 PM
**Mailing Status:** MAILED and ACCEPTED at BROWNFIELD,TX 79316

**Event Time:** Friday, March 19, 2010 at 5:28:00 PM
**Event Status:** ELECTRONIC SHIPPING INFO RECEIVED

**Event Time:** Monday, March 22, 2010 at 8:34:00 AM
**Event Status:** ARRIVAL AT UNIT
**Scanned At:** AUSTIN,TX 78701

**Delivered:** Monday, March 22, 2010 at 10:50:00 AM
**Delivery Status:** DELIVERED at AUSTIN,TX 78701

FILED FOR RECORD
2010 MAR 24 PM 4:52
PAIGE LINDSEY
TERRY COUNTY DISTRICT CLERK
BY

Adobe is a registered trademark of Adobe Systems Incorporated in the United States and/or other countries.
For the latest version of Adobe® Reader® click here.

UNITED STATES POSTAL SERVICE

Date Produced: 03/23/2010

M.A.I.L. , INC.

The following is the delivery information for Certified Mail™ item number 7115 0608 4530 0095 7434. Our records indicate that this item was delivered on 03/22/2010 at 10:50 a.m. in AUSTIN, TX, 78701. The scanned image of the recipient information is provided below.

Signature of Recipient:

Delivery Section

Dan Mack

Address of Recipient:

211 E 7ST #620

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representitive.

Sincerely,

United States Postal Service

The customer reference info shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

18701
CORPORATION SERVICE CO
PEERLESS INDEMNITY INSURANCE CO
SUITE 620
211 E 7TH ST
AUSTIN TX 78701

CAUSE NO. 18701

| | | |
|---|---|---|
| **BROWNFIELD MOTELS, INC.** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **121ST JUDICIAL DISTRICT** |
| **PEERLESS INDEMNITY INSURANCE** | § | |
| **COMPANY, INSURANCE ONE, INC.** | § | |
| **AND CHRISTOPHER KOESTER** | § | |
| **Defendants** | § | **TERRY COUNTY, TEXAS** |

FILED FOR RECORD
2010 APR 12 AM 10:48
PAIGE LINDSEY
TERRY COUNTY DISTRICT CLERK
BY

**ORIGINAL ANSWER OF DEFENDANT PEERLESS INDEMNITY INSURANCE COMPANY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Peerless Indemnity Insurance Company ("Peerless) and files this Original Answer to Plaintiff's Original Petition and would respectfully show the Court the following:

## I.
## GENERAL DENIAL

Defendant hereby interposes a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure, and denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands that Plaintiff prove the truth of its allegations by a preponderance of the believable evidence.

## II.
## AFFIRMATIVE DEFENSE

In addition, and without waiving the foregoing denial, Peerless asserts as an affirmative defense to Plaintiff's extra-contractual claims under the common-law and the Texas Insurance Code and the Deceptive Trade Practices Act that these causes of action are precluded because a bona fide dispute exists regarding coverage.

WHEREFORE, PREMISES CONSIDERED, Defendant Peerless Indemnity Insurance Company respectfully prays that upon final hearing hereof, Plaintiff take nothing by reason of this action, that Defendant be awarded its costs of court, and for such other and further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

By ______________________
Catherine L. Hanna
State Bar No. 08918280
Eric S. Peabody
State Bar No. 00789539

ATTORNEYS FOR DEFENDANTS PEERLESS INDEMNITY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by facsimile on this the 14th day of April 2010 to:

***Via Facsimile 806.637.3877***
Bradford L. Moore
Attorney at Law
P.O. Box 352
Brownfield, Texas 79316
ATTORNEY FOR PLAINTIFF

______________________
Catherine L. Hanna

NO. 18701

| | | |
|---|---|---|
| BROWNFIELD MOTELS, INC. | § | IN THE 121ST JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | COURT IN AND FOR |
| PEERLESS INDEMNITY INSURANCE COMPANY, INSURANCE ONE, INC. AND CHRISTOPHER KOESTER | § | |
| | § | |
| | § | TERRY COUNTY, TEXAS |

# CERTIFICATE OF WRITTEN DISCOVERY

Pursuant to the Texas Rules of Civil Procedure, counsel for Brownfield Motels, Inc. states that he has served the following documents on counsel of record:

1) Request for Disclosure to Defendant, Peerless Indemnity Insurance Company.

Respectfully submitted,

BRADFORD L. MOORE
Attorney at Law
P. O. Box 352
Brownfield, Texas 79316
806/637-6466 FAX 806/637-3877

FILED FOR RECORD
2010 APR 14 PM 1:46
PAIGE LINDSEY
TERRY COUNTY DISTRICT CLERK
BY

BY: Bradford L. Moore, 14322700

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Certificate of Written Discovery has been sent Certified Mail, Return Receipt Requested to Catherine L. Hanna, Hanna & Plaut, LLP, 211 East Seventh Street, Suite 600, Austin, Texas 78701, on April 13, 2010.

Bradford L. Moore, Of Counsel

# EXHIBIT "B"

# CIVIL DOCKET

BEAR GRAPHICS, INC.

371

CASE NO. ______________

| No. of Case | NAME OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING (Month / Day / Year) |
|---|---|---|---|---|
| 18701 | Brownfield Motels, Inc | Bradford Moore | Contract | 03 / 19 / 10 |
| Fee Book: Vol. / Page | vs. | Pltf. | | Jury Fee, $ |
| | Peerless Indemnity Ins Co, Insurance One Inc + Christopher Koester | Deft. | | Paid by |
| | | | | Jury No. |

| Date of Orders: Month | Day | Year | ORDERS OF COURT | MINUTE BOOK: Vol. | Page | PROCESS |
|---|---|---|---|---|---|---|
| | | | | | | Cover Sheet 3-19-10 |
| | | | | | | cit. issued - 3/24/10 (Peerless Ind. Ins. Co. - |
| | | | | | | Green Card Ret. Unsigned Chuck Roberts 3-26-10 |
| | | | | | | Original Answer 4-12-10 |
| | | | | | | Cert. Written Discovery 4-14-10 |

# EXHIBIT "C"

# LIST OF ALL COUNSEL OF RECORD

**Counsel for Plaintiff Brownfield Motels, Inc.**
Bradford L. Moore
PO Box 352
Brownfield, Texas 79316
Telephone: 806.637.6466
Facsimile: 806.637.3877

**Counsel for Defendant Peerless Indemnity Insurance Company:**
Catherine L. Hanna
Eric S. Peabody
Hanna & Plaut, LLP
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone: (512) 472-7700
Facsimile: (512) 472-0205

# EXHIBIT "D"

INDEX OF ALL DOCUMENTS FILED WITH THE COURT

1. Notice of Removal of Action Under 28 U.S.C. §§ 1332 and 1441(a) (Diversity)
2. True and correct copies of all pleadings, process and orders served in this action
3. State Court Docket Sheet
4. List of all Counsel of Record