UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| BROWNFIELD MOTELS INC., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 5:10-CV-00062 |
| | § | |
| | § | |
| PEERLESS INDEMNITY INSURANCE COMPANY, INSURANCE ONE, INC., AND CHRISTOPHER KOESTER, | § § § | |
| | § | |
| Defendants. | § | |

**ANSWER OF INSURANCE ONE, INC.**
**AND CHRISTOPHER KOESTER**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COME NOW** INSURANCE ONE, INC. and CHRISTOPHER KOESTER ("Defendants") in the above styled and referenced matter and file this Original Answer and would respectfully show the Court as follows:

**I.**

**ANSWER**

1.1 Paragraph I of Plaintiff's Original Petition (the "Petition") is procedural regarding discovery. Because this cause has been removed to federal court, Paragraph I of the Petition is inapplicable.

1.1. Defendants admit that Plaintiff is a Texas corporation, which has its principal place of business in Brownfield, Terry County, Texas, as asserted in the Paragraph II of the Petition.

1.2 Defendants admit, as asserted in Paragraph III of the Petition, that Peerless Indemnity Insurance Company ("Peerless") is a foreign corporation authorized to do business in

the State of Texas and that solely of the purposes of jurisdiction over the person (*in personam* jurisdiction), Peerless is deemed a citizen of the State of Texas under 28 U.S.C. § 1332(c)(1). Defendants deny that 28 U.S.C. § 1332(c)(1) has any effect as to diversity jurisdiction in federal court. Defendants deny the remaining allegation in Paragraph III of the Petition.

1.3. Paragraph IV of the Petition is admitted.

1.4. Paragraph V of the Petition is admitted.

1.5. Defendants deny that venue is proper in Terry County, Texas, as asserted in Paragraph VI of the Petition and assert that venue is proper in the United States District Court for the Northern District of Texas, Lubbock Division, following removal of this cause from the District Court in Terry County, Texas.

1.6. Paragraph VII of the Petition is admitted.

1.7. Defendants deny that Insurance One, Inc. ("Insurance One") has a place of business in the State of Texas and admit the remaining claims in Paragraph VIII of the Petition.

1.08. Defendants admit the following assertions in Paragraph IX of the Petition: (1) that Defendants secured commercial insurance coverage for Plaintiff's motel; (2) that Plaintiff alleges that it suffered a fire loss on or about July 25, 2009 which allegedly resulted in damage to the restaurant; (3) that Plaintiff notified Insurance One and Koester of the alleged fire loss; and (4) that Defendants notified Peerless of the claim of Plaintiff related to the alleged fire loss. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in Paragraph IX of the Petition and as such they are denied.

1.09. Defendants admit Paragraph X of the Petition.

1.10. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraph XI of the Petition; thus, Defendants deny those allegations.

1.11. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraph XII of the Petition; thus, Defendants deny those allegations.

1.12. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraph XIII of the Petition; hence the same are denied.

1.13. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraphs XIV; hence the same are denied.

1.14. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraphs XV; hence the same are denied.

1.15. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraphs XVI; hence the same are denied.

1.16. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraphs XVII; hence the same are denied.

1.17. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraphs XVIII; hence the same are denied.

1.18. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraphs XIX; hence the same are denied.

1.19. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraphs XX; hence the same are denied.

1.20. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraphs XXI; hence the same are denied.

1.21. Defendants lack knowledge or information sufficient to form a belief about the truth of allegations made in Paragraphs XXII; hence the same are denied.

1.22. Defendants admit that Insurance One and Koester acted as agents for Plaintiff for the sole purpose of assisting in the procurement of the Peerless' policy for Plaintiff's motel as asserted in Paragraph XXIII of the Petition. Defendants deny the remaining allegations contained in Paragraph XXIII of the Petition.

1.23. Defendants admit Paragraph XXIV as to the following: (1) that Insurance One and Koester assisted in the procurement of Peerless' Insurance Policy No. CBP 8467419 ("Peerless Policy") for Plaintiff; and (2) that insurance applications were submitted to various insurance providers, quotes were taken and quotes were forwarded to Plaintiff for the motel. Defendants deny all remaining allegations contained in Paragraph XXIV of the Petition.

1.24. Defendants deny Paragraph XXV of the Petition in its entirety.

1.25. Defendants deny Paragraph XXVI of the Petition in its entirety.

1.26. Defendants deny Paragraph XXVII of the Petition in its entirety.

1.27 Defendants deny Paragraph XVIII of the Petition in its entirety.

## II. – AFFIRMATIVE DEFENSES

2.1. Defendants are not liable to Plaintiff because Plaintiff's own acts or omissions proximately caused or contributed to Plaintiff's injury. Plaintiff had a duty to act as a business of ordinary prudence to: (1) properly communicate its insurance needs to Defendants; (2) review its insurance applications; (3) review the insurance quotes it received from Defendants; (4) review its insurance policy; and (5) notify Defendants in the event that the coverage applied for and secured did not meet Plaintiff's needs. Plaintiff's breach of these duties constitutes negligence which proximately caused, in whole or in part, Plaintiff's alleged damages.

2.2. Defendants have denied all liability under this cause; however, in the unlikely event that the Court or jury should find any responsibility on the part of either of these Defendants, they

invoke the doctrine of comparative responsibility as contained in Tex. Civ. Prac. & Rem. Code § 33.001 *et seq*. Further, in the unlikely event that the Court or jury should find either of these Defendants responsible along with any other party, settling person or responsible third party, Defendants also request the Court to enter judgment for contribution among any such Defendants, settling persons or responsible third parties, as provided for in Tex. Civ. Prac. & Rem. Code § 33.015.

2.3. Defendants' joint and several liability, if any, is limited under the provisions of Tex. Civ. Prac. & Rem. Code § 33.013.

2.4. Defendants allege that under the facts and circumstances of this case, an award of exemplary damages would violate substantive and procedural due process in violation of the 5th, 6th, 8th and 14th Amendments of the United States Constitution in the following respects:

a. It is unconstitutional to allow a citizen to be punished upon the basis of a standard as vague and ill-defined as the common law concept upon which exemplary damages can be awarded.

b. It is unconstitutional to allow a citizen to be punished for any conduct when a citizen is unable to determine prior to the hearing, what the standards used in assessing that punishment will be and where the jury has almost total and unbridled discretion in determining the amount of the punishment. The standards for assessing punitive damages in this case are unconstitutionally vague and allow the jury to assess punitive damages based upon criteria wholly unrelated to Defendant's conduct and completely beyond the control of this Defendant.

c. Because the award of punitive damages has quasi-criminal attributes, both as to rationale and effect, it is unconstitutional to award punitive damages based solely

upon a mere preponderance of the evidence which may be provided by the slightest circumstantial evidence, coupled with speculation and innuendo. Due process requires proof of such claims by at least a clear and convincing standard of proof.

d. It is unconstitutional for a state to allow a private citizen with a profit motive to seek punishment of another citizen without the full protection of the Texas and United States Constitutions, including the privileges against self incrimination and the right not to be placed in double jeopardy. Defendant alleges that the fiction that punishment in civil suits does not invoke the constitutional protections, whereas the same punishment in a criminal suit does, should be abandoned. In either event the State is forcing Defendant to forfeit valuable property interests, and it matters not to this Defendant whether it loses its property to the State or to a private litigant.

e. An award of exemplary damages, as sought by Plaintiffs under the facts and circumstances of this case, would violate the excessive fines, cruel and unusual punishment, and due process clauses of the Texas Constitution, and more specifically, although not limited to, Article 1§13 and Article 1 § 19 of the Texas Constitution.

f. Due process precludes introduction of and receipt of highly prejudicial evidence such as wealth or net worth of a defendant, which would likely influence or prejudice the jury with regard to its answers to the negligence and gross negligence issues. Due process requires safeguards against such prejudice, so that such highly prejudicial evidence cannot be introduced or presented to the jury without adequate safeguards or protection.

2.5. Plaintiff's right to recover punitive damages is limited in accordance with the provisions of §41.001 - 41.013, Tex. Civ. Prac. & Rem. Code. Defendants further plead:

a. The standards for recovery of punitive damages as contained in Tex. Civ. Prac. & Rem. Code §41.003.

b. The factors precluding the recovery of punitive damages as contained in Tex. Civ. Prac. & Rem. Code §41.004.

c. The requirement that an award of punitive damages be specific as to each Defendant as contained in Tex. Civ. Prac. & Rem. Code §41.006.

d. The preclusion of prejudgment interest on a recovery of punitive damages as contained in Tex. Civ. Prac. & Rem. Code §41.007.

e. The limitations on the recovery of punitive damages as contained in Tex. Civ. Prac. & Rem. Code §41.008 and §74.303(a) of the Tex. Civ. Prac. & Rem. Code.

2.6. There were superseding and/or intervening causes with regard to any act or omission of Defendants.

2.7. Defendants reserve the right to amend this pleading as provided for in the court's docket control order and as facts develop during discovery.

Respectfully submitted,

***Electronically signed by Jim Hund***

JIM HUND
LINDA RUSSELL
HUND, KRIER, WILKERSON & WRIGHT, P.C.
P.O. Box 54390
Lubbock, Texas 79453
Telephone (806) 783-8700
Facsimile (806) 783-8710

ATTORNEYS FOR DEFENDANTS,
Insurance One, Inc. and Christopher Koester

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was served upon all counsel of record on the date of filing.

***Electronically signed by Jim Hund***
Jim Hund